1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   TRISTIN D. KING,                    Case No.:  3:20-cv-1254-JLS-AHG

12                         Plaintiff,    **ORDER:**

13   v.
                                         **(1) RESETTING BRIEFING**
14   C. FIERO, et al.,                   **SCHEDULE FOR DEFENDANT'S**
                                         **MOTION FOR**
15                        Defendants.    **SUMMARY JUDGMENT;**

16
                                         **(2) DIRECTING CLERK OF COURT**
17                                       **TO MAIL COPY OF SUMMARY**
                                         **JUDGMENT MOTION AND COPY**
18                                       **OF ORDER TO SHOW CAUSE TO**
                                         **PLAINTIFF AT HIS UPDATED**
19                                       **ADDRESS OF RECORD;**
20
21                                       **(3) EXTENDING DEADLINE FOR**
22                                       **PLAINTIFF TO COMPLY WITH**
                                         **ORDER TO SHOW CAUSE; and**
23
24                                       **(4) ISSUING ADDITIONAL**
                                         ***KLINGELE/RAND* NOTICE**
25
26
27                                       **[ECF Nos. 29, 36]**
28

This matter comes before the Court upon Plaintiff's Notice of Change of Address, dated October 31, 2022 and entered *nunc pro tunc* on November 8, 2022. ECF No. 41. In the two months prior to Plaintiff notifying the Court of his change of address, several orders had been returned to the Court as undeliverable to Plaintiff because his address had not been updated on the docket. *See* ECF Nos. 33, 34, 39, 40. The first order returned as undeliverable, on September 7, 2022, was the Court's Order *sua sponte* extending the briefing schedule on Defendants' Motion for Summary Judgment (ECF No. 29), in which the Court ordered Plaintiff to file an opposition to the motion by September 19, 2022. ECF No. 31.

Due to Plaintiff's failure to respond to Defendants' summary judgment motion and the apparent invalidity of his mailing address, on October 7, 2022, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute and failure to comply with the District's Local Rules and this Court's orders. ECF No. 36. In the Order to Show Cause, the Court set a deadline of November 7, 2022 for Plaintiff to file an opposition to the Motion for Summary Judgment and notify the Court and Defendants of his current mailing address. *Id.* at 3. Plaintiff was warned that this action would be dismissed without prejudice if he did not comply by the deadline. *Id.*

Plaintiff notified the Court and Defendants of his current mailing address by way of the Notice of Change of Address (ECF No. 41), which the Court received one day late on November 8, 2022. To date, Plaintiff has not filed an opposition to Defendants' summary judgment motion. Therefore, pursuant to the Court's Order to Show Cause, it would be appropriate at this juncture to dismiss the action without prejudice.

Although Defendants' summary judgment motion itself was never returned as undeliverable, the record reflects that it was served on Plaintiff by first-class mail at his previous address of record on July 18, 2022. ECF No. 29-6 at 5. The Court's *Klingele/Rand* Notice and Order Setting Briefing Schedule on the Motion for Summary Judgment was also mailed to Plaintiff's previous address of record. ECF No. 30. Therefore, although those filings were not returned to the Court as undeliverable, the Court cannot ascertain with

certainty whether Plaintiff ever received the summary judgment motion, the *Klingele/Rand* notice, the orders setting and extending the briefing schedule on the summary judgment motion, and/or the Order to Show Cause. For that reason, coupled with Plaintiff's *pro se* status, the Court finds it in the best interests of fairness, justice, and efficiency for Plaintiff to be given another opportunity to file his opposition to the summary judgment motion rather than dismissing this action without prejudice due to his failure to prosecute.

Plaintiff has indicated a desire to continue prosecuting his case by filing the Notice of Change of Address, and the Court prefers to resolve cases on their merits rather than dismissing them for procedural reasons. This is particularly true where, as here, the threatened dismissal of the case arises under Rule 41(b) of the Federal Rules of Civil Procedure,[1] which is subject to a stringent five-factor test requiring the Court to consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See, e.g.*, *Watkins v. Lynch*, No. 2:20-cv-1360 KJM DB P, 2022 WL 1460269 (E.D. Cal. May 9, 2022), *report and recommendation adopted*, 2022 WL 2670210 (E.D. Cal. July 11, 2022). Here, the factors weighing against allowing Plaintiff additional time to file an opposition—the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendants—are negated by the greater

---

[1] As discussed in the Court's Order to Show Cause, this District's Civil Local Rules also provide that a case may be dismissed without prejudice for failure to prosecute if mail directed to a *pro se* plaintiff at his last designated address is returned as undeliverable and the plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his current address. *See* ECF No. 36 at 2 (citing CivLR 83.11(b)). However, Plaintiff's submission of a Notice of Change of Address indicates he is attempting to prosecute his case. Thus, although Plaintiff's Notice was not received until 62 days after mail sent to Plaintiff was first returned as undeliverable, the Court would be unlikely to dismiss the action based on such a minor procedural defect without stronger indicia that Plaintiff has abandoned the prosecution of his case.

waste of time and resources that would result if the case were dismissed without prejudice and Plaintiff merely refiled the action, unnecessarily duplicating the work that the parties have already done in this case. Moreover, the public policy favoring disposition of cases on their merits weighs heavily in favor of allowing Plaintiff a final opportunity to submit an opposition in response to Defendants' Motion for Summary Judgment.

Accordingly, and upon consultation with the presiding District Judge in this matter, the Court hereby **EXTENDS** the briefing schedule on Defendants' Motion for Summary Judgment (ECF No. 29) and continues the hearing date as follows:

(1)    Plaintiff's Opposition (including any and all supporting documents) must be filed and served on all parties by **December 16, 2022**. If Plaintiff does not wish to oppose Defendants' Motion, Plaintiff should file and serve a "Notice of Non-Opposition" by that same date to let the Court know that Defendants' Motion is unopposed.

(2)    If Plaintiff files and serves an Opposition, Defendants must file and serve a Reply to the Opposition by **December 30, 2022**.

(3)    Defendant's Motion for Summary Judgment is calendared for hearing on **January 6, 2023**, at **9:30 a.m.** before Magistrate Judge Allison H. Goddard for a Report and Recommendation. At the time appointed for hearing, the Court will, in its discretion, consider Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 based on the Motion, Opposition, and Reply briefs submitted by the parties. Unless otherwise ordered, **no oral argument will be heard and no appearances by either party or counsel will be required**. *See* CivLR 7.1.d.1. In other words, the Court sets the hearing date because the Local Rules require a hearing date for the purpose of setting a briefing schedule, but **the Court does not expect the parties to appear for an in-person hearing.**

(4)    The deadline for Plaintiff to respond to or otherwise comply with the Court's Order to Show Cause (ECF No. 36) is hereby **EXTENDED** to **December 16, 2022**. To be clear, if Plaintiff timely files an opposition to the summary judgment motion, he will have successfully complied with all requirements of the Order to Show Cause and need not do anything further.

To aid Plaintiff in prosecuting his case, the Court hereby **DIRECTS** the Clerk of Court to send Plaintiff a copy of (1) Defendants' Motion for Summary Judgment (ECF No. 29) and (2) the Court's Order to Show Cause (ECF No. 36) along with this Order.

Finally, although Defendants included a *Klingele/Rand* warning in their summary judgment motion, the Court will also include its own *Klingele/Rand* warning here, with a more detailed explanation of Defendants' argument that Plaintiff has failed to exhaust administrative remedies, to ensure that Plaintiff has fair notice of the evidence he must submit to oppose the motion:

The Defendants have filed a Motion for Summary Judgment by which they seek to have your case dismissed. ECF No. 29. A Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine dispute as to any material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in affidavits or declarations, depositions, admissions, interrogatory answers, or other authenticated documents, as provided by Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that a material fact is genuinely disputed and requires trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

In their Motion, Defendants argue that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a); ECF No. 29-1 at 10–15.

"The PLRA mandates that inmates exhaust all available administrative remedies

before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170. The Ninth Circuit has held that "the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA . . . is a motion for summary judgment under Rule 56." *Id*. at 1168.

Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted if there is no real dispute about any fact that would affect the result of your case, and the party who asked for summary judgment is entitled to judgment as a matter of law based on the undisputed facts. If summary judgment is granted, your case will end in favor of the Defendant. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine dispute for trial. *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Accordingly, you are hereby provided with notice that Defendants have asked the Court to find, as a matter of law, that you have failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). You are further advised of your opportunity to include in your Opposition to Defendants' Motion whatever arguments and documentary evidence you may have to show that you did, in fact, exhaust all administrative remedies related to your claims as were available prior to filing suit. *See Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (a district court must "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies").

The Court cautions that if you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is

granted, your unexhausted claims will be dismissed and there will be no trial on the merits regarding those unexhausted claims.

**IT IS SO ORDERED**.

Dated:  November 22, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:20-cv-1254-JLS-AHG